IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02959-KLM

GERALD J. DEHERRERA,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court[1] on the **Social Security Administrative Record** [#10],[2] filed December 1, 2014, in support of Plaintiff's Complaint [#1] seeking review of the decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, ("Defendant" or "Commissioner") denying Plaintiff's claim for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 et seq., and for supplemental security income benefits pursuant to Title XVI of the Act, 42 U.S.C. § 1381 et seq. On April 13, 2015, Plaintiff filed an Opening Brief [#13] (the "Brief"). Defendant filed a Response [#14] in opposition, and Plaintiff filed a Reply [#15]. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and

---

    [1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See* [#19, #20].

    [2] "[#10]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

1383(c).  The Court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.  For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.

## I.  Factual and Procedural Background

Plaintiff alleges that he became disabled at the age of thirty-three on September 9, 2011, due to anxiety and diabetes.  Tr. 172, 176.[3]  On February 7, 2012, Plaintiff filed applications for disability insurance benefits under Title II and for supplemental security income under Title XVI.  Tr. 147, 149.  On July 23, 2013, an Administrative Law Judge (the "ALJ") issued an unfavorable decision.  Tr. 21-22.

The ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2013, and that Plaintiff had not engaged in substantial gainful activity ("SGA") since September 9, 2011, the alleged onset date.  Tr. 12.  The ALJ found that Plaintiff suffers from one severe impairment, i.e., anxiety disorder.  Tr. 12.  However, the ALJ also found that Plaintiff does not have an impairment or combination of impairments which meet or medically equals "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)."  Tr. 13.  The ALJ next concluded that Plaintiff has the residual functional capacity ("RFC") to perform the full range of work at all exertional levels with one nonexertional limitation, i.e., that Plaintiff "should not have any interaction with the general public."  Tr. 15.  Based on the RFC and the testimony of an impartial vocational

---

[3] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 10, 10-1, 10-2, 10-3, 10-4, 10-5, 10-6, and 10-7 by the sequential transcript numbers instead of the separate docket numbers.

expert ("VE"), the ALJ found that Plaintiff was unable to perform any past relevant work, but found that there are jobs which exist in significant numbers in the national economy which Plaintiff can perform, including the representative occupations of silver wrapper, price marker, and short order cook. Tr. 20-21. She therefore found Plaintiff not disabled at step five of the sequential evaluation. Tr. 21. The ALJ's decision has become the final decision of the Commissioner for purposes of judicial review. 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review and Applicable Law

Pursuant to the Act:

> [T]he Social Security Administration is authorized to pay disability insurance benefits and Supplemental Security Income to persons who have a "disability." A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)). Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a); *see also Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)). The existence of a qualifying disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings. 42 U.S.C. §§ 423(d)(3), 423(d)(5)(A).

"When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making

-3-

a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."  *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010).  However, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency."  *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (quoting *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000)).  In other words, the Court does not reexamine the issues de novo.  *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F. 3d 739, 741 (10th Cir. 1993).  Thus, even when some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it *de novo.*"  *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

**A.      Legal Standard**

The Social Security Administration uses a five-step framework to determine whether a claimant meets the necessary conditions to receive Social Security benefits.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof at steps one through

four, and if the claimant fails at any of these steps, consideration of any subsequent step or steps is unnecessary. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."). The Commissioner bears the burden of proof at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Step one requires the ALJ to determine whether a claimant is "presently engaged in substantial gainful activity." *Wall*, 561 F.3d at 1052 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). If not, the ALJ considers at step two whether a claimant has "a medically severe impairment or impairments." *Id.* "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." *Wall*, 561 F.3d at 1052 (citing 20 C.F.R. § 404.1521). Next, at step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation," *i.e.*, the "Listings." *Wall*, 561 F.3d at 1052 (quoting *Allen*, 357 F.3d at 1142). "If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him] from performing [his] past relevant work." *Wall*, 561 F.3d at 1052 (citing *Allen*, 357 F.3d at 1142). "Even if a claimant is so impaired, the agency considers, at step five, whether [he] possesses the sufficient [RFC] to perform other work in the national economy." *Id.*

**B.   Substantial Evidence**

An ALJ must consider all evidence and explain why he or she finds a claimant not disabled. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). However, the ALJ need not specifically "reference everything in the administrative record." *Wilson*, 602 F.3d at

1148. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1140 (internal quotation marks omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). A decision by the ALJ is not based on substantial evidence "if it is overwhelmed by other evidence in the record . . . ." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). Further, evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III. Analysis

Plaintiff requests judicial review of the ALJ's decision denying him disability insurance benefits and supplemental security income. *Brief* [#13] at 2-3. Specifically, Plaintiff argues that: (1) the ALJ erred by failing to have valid reasons for rejecting most of the opinion of Jose Vega, Ph.D. ("Dr. Vega"); (2) the ALJ erred by failing to provide valid reasons for crediting the opinion of Brett Valette, Ph.D. ("Dr. Valette") over the opinion of Dr. Vega; (3) the ALJ failed to properly assess the opinion of Rona Knudsen, M.D. ("Dr. Knudsen"); and (4) the ALJ's RFC finding is not supported by the evidence, and so the ALJ should have developed the record concerning Plaintiff's mental limitations. *Id.* at 4.

**A.     The Opinion of Dr. Knudsen**

Citing to SSR 96–5p, 1996 WL 374193, at *5 (July 2, 1996), Plaintiff argues that the

ALJ erred by failing to properly assess Dr. Knudsen's opinion that Plaintiff was totally disabled for a period of six-to-twelve months. *Brief* [#13] at 29 (citing Tr. 19-20). In relevant part, SSR 96–5p provides:

> Opinions on Whether an Individual Is Disabled: Medical sources often offer opinions about whether an individual who has applied for title II or title XVI disability benefits is "disabled" or "unable to work," or make similar statements of opinions. In addition, they sometimes offer opinions in other work-related terms; for example, about an individual's ability to do past relevant work or any other type of work. Because these are administrative findings that may determine whether an individual is disabled, they are reserved to the Commissioner. *Such opinions on these issues must not be disregarded.* However, even when offered by a treating source, they can never be entitled to controlling weight or given special significance.

1996 WL 374193, at *5 (emphasis added). Plaintiff asserts that the italicized sentence above means that the ALJ erred in her assessment.

In relevant part, the ALJ stated with respect to Dr. Knudsen's opinion:

> Finally, in support of his application, the claimant produced a form signed by a provider at the request of the Colorado Department of Human Services (DHS). Completion of the form is required for an individual to qualify for public assistance known as Aid to the Needy Disabled or "AND", under Colorado law. The form is colloquially known as a "Med-9" form. With respect to the Med-9 form, the [ALJ] notes that a decision by or for any other state or federal government agency about whether an individual is disabled is based on that state's or agency's rules. In this case, the provider who completed the form was attempting to comply with the requirements and regulations of Colorado DHS. However, in Social Security applications, we determine disability based on our Regulations. A determination made by or for another agency that an individual is disabled under *their* standards is not binding on Social Security. Finally, the [ALJ] notes that the provider concluded the claimant would be unable to work any job for 6 to 12 months due to anxiety. However, the ultimate determination in Social Security disability cases is reserved to the Commissioner under the Regulations. Thus, the provider's opinion is noted, but not binding in this case.

Tr. 19-20 (internal citations omitted) (emphasis in original).

The Med-9 form discussed by the ALJ was accompanied by two pages of notes from

Dr. Knudsen. Tr. 267-68. The ALJ addressed the content of these additional pages in the Decision. *See* Tr. 16-17. Notably, Plaintiff does not clearly articulate an argument that the ALJ erred by failing to weigh the medical portion of Dr. Knudsen's opinion, as found in these two additional pages. *See Brief* [#13] at 29-30; *Reply* [#15] at 10-11. Rather, the sole focus of Plaintiff's argument appears to be that the ALJ improperly rejected the portion of Dr. Knudsen's opinion regarding Plaintiff's ability to work. *See id.* To the extent Plaintiff makes this argument, though, he is incorrect. As noted above, SSR 96–5p merely states that opinions regarding an individual's ability to work must not be totally disregarded. *See* 1996 WL 374193, at *5. SSR 96–5p also states that "even when offered by a treating source, they can never be entitled to controlling weight or given special significance." *Id.* Here, after discussing Dr. Knudsen's opinion regarding Plaintiff's ability to work, the ALJ stated that her "opinion is noted, but not binding in this case." Tr. 20. Thus, the ALJ did not disregard the opinion but also did not give it special significance. Therefore, the ALJ did all that was required. Accordingly, the Court finds that the ALJ did not commit reversible error on this issue.

**B.    The Opinions of Dr. Vega and Dr. Valette**

Plaintiff next argues that the ALJ provided improper reasons for giving only "little weight" to the opinion of Dr. Vega and failed to properly explain why she gave more weight to Dr. Valette's opinion than she did to Dr. Vega's opinion. *Brief* [#13] at 22-28; *Reply* [#15] at 4-9. In large part, Plaintiff premises this argument on the holding in *Quintero v. Colvin*, 567 F. App'x 616 (10th Cir. 2014), which was issued after the ALJ's July 23, 2013 decision in this case. *See, e.g.*, *Brief* [#13] at 26, 28.

In part, the ALJ discussed Dr. Vega's opinion as follows:

> Dr. Vega summarized that the claimant had a problem with anger, vacillating from being nice to being very angry. Dr. Vega also noted that the claimant had difficulty relating to people, with anxiety, fear of being in public or being on the highway, and always wanting to be close to a hospital. Based on this, Dr. Vega opined that the claimant would have difficulty managing demands, particularly from competitive employment, and particularly from supervisors, due to his emotional volatility. Dr. Vega also completed a mental residual functional capacity evaluation. Dr. Vega opined that the claimant would have marked or extreme limitations in the categories of understanding and memory, sustained concentration and persistence, social interaction, and adaptation. The opinion of Dr. Vega is given little weight for several reasons.

Tr. 19 (internal citations omitted). An ALJ's decision to assign little weight to an opinion "operate[s] as the equivalent of a rejection of the opinion." *Quintero*, 567 F. App'x at 620 n.6 (citing *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012)). In short, the ALJ provided three reasons for discounting Dr. Vega's opinion: (1) "Dr. Vega does not have a treating relationship with the claimant;" (2) Dr. Vega "apparently relied quite heavily on the subjective report of symptoms and limitations provided by" Plaintiff; (3) Plaintiff "underwent the examination . . . in connection with an effort to generate evidence for the current appeal." Tr. 19. The ALJ tempered this last reason by stating: "Although such evidence is certainly legitimate and deserves due consideration, the context in which it was produced cannot be entirely ignored." Tr. 19.

The ALJ must of course consider all medical opinions in the record and discuss the weight assigned to each opinion. *See* 20 C.F.R. §§ 404.1527(c), 404.1527(e)(2)(ii), 416.927(c), 416.927(e)(2)(ii). The Court can quickly dispose of two of the ALJ's reasons for discounting Dr. Vega's opinion.[4] First, "the ALJ's observation that Dr. Vega was an examining rather than a treating physician was not a valid reason for rejecting the opinion."

---

[4] The parties appear to be in agreement on this point. *See Response* [#14] at 8-9.

*Quintero*, 567 F. App'x at 620 (citing *Chapo*, 682 F.3d at 1291).  Second, it was not proper to assign little weight to Dr. Vega's opinion on the basis that "it was prepared at counsel's request for purposes of the hearing.  This reasoning, without more, does not justify rejection of a medical opinion."  *Quintero*, 567 F. App'x at 620 (citing *McGoffin v. Barnhart*, 288 F.3d 1248, 1253 (10th Cir. 2002); *Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987); 20 C.F.R. §§ 404.1527(c), 416.927(c)) (internal footnote omitted).

Regarding the ALJ's third reason, she stated that Dr. Vega "apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported.  Yet, as explained elsewhere in this decision, there exist good reasons for questioning the reliability of the claimant's subjective complaints."  Tr. 19.  The consistency of Dr. Vega's opinion with the record as a whole is a legitimate factor to be considered in evaluating the opinion.  *See Quintero*, 567 F. App'x at 620 (citing 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4)).  The Tenth Circuit Court of Appeals has stated that, "[t]he ALJ cannot reject [a physician's] opinion solely for the reason that it was based on [the claimant's] responses because such rejection impermissibly substitutes her judgment for that of [the physician]."  *Thomas v. Barnhart*, 147 F. App'x 755, 759-60 (10th Cir. 2005) (stating that ""[t]he practice of psychology is necessarily dependent, at least in part, on a patient's subjective statements").  Plaintiff argues that because the other reasons for discounting Dr. Vega's opinion were improper, the ALJ erred by discounting Dr. Vega's opinion solely because of an allegedly heavy reliance on subjective statements made by Plaintiff during his examination.

However, the ALJ did not in fact discount Dr. Vega's opinion solely for that reason but, rather, rejected the opinion because elsewhere in her decision, the ALJ called into

question the credibility of Plaintiff's statements.[5]  *See* Tr. 18-19.

> In addition, the claimant has described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations.  In June 2012, the claimant told Dr. Valette that during a typical day, he hung out with friends and saw his girlfriend.  He stated that he was able to go to the grocery store.  About a year later, however, the claimant told Dr. Vega that he used to have friends but would isolate himself.  The claimant also said that he made only quick trips to Wal-Mart and that he no longer utilized the bus system.  *There is nothing in the record to explain this dramatic decline in functioning during the relevant period.*

Tr. 18 (emphasis added).  Thus, the ALJ explicitly stated why she found troublesome Plaintiff's statements to Dr. Vega during the single examination they had together, i.e., there was no explanation in the record regarding why Plaintiff's functional abilities had apparently rapidly declined in the previous year.

In addition, the Court rejects Plaintiff's argument that "[t]here is simply no evidence to support the ALJ's conclusion that Dr. Vega's opinion is based on plaintiff's misleading subjective statements."  *Reply* [#15] at 6.  Even a cursory review of the "Mental Status Examination" and "Summary" portions of Dr. Vega's report demonstrates that Dr. Vega relied on Plaintiff's statements.  *See* Tr. 312-14.  Thus, although the ALJ could have been more explicit when discussing this aspect of her decision, the Court is able to follow the ALJ's reasoning without resorting to post hoc rationalization.  *See Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008); *see Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).  No more is required.

Regarding Dr. Valette's opinion, the ALJ stated:

> [A] consultative examiner, Dr. Valette, did not note any work limitations from a psychological perspective.  Dr. Valette noted

---

[5] Plaintiff does not argue that the ALJ erred in her credibility assessment.

> that the claimant worked for a number of years with very few difficulties, having only a couple of panic attacks, and being able to work through them. The undersigned gives some weight to Dr. Valette's assessment to the extent it supports a finding that the claimant is not disabled. However, giving all reasonable weight to the claimant's testimony, the undersigned finds that the claimant's impairment results in the functional limitations described in the [RFC].

Tr. 19 (internal citations omitted). Plaintiff argues that the ALJ provided no reason for giving more weight to Dr. Valette's opinion than she did to Dr. Vega's. *See, e.g.*, Reply [#15] at 7-9. "The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(1), (2); 20 C.F.R. § 416.927(1), (2); SSR 96–6p, 1996 WL 374180, at *2). Here, however, both Dr. Vega and Dr. Valette are examining physicians, and thus their opinions are generally entitled to about the same weight, in the absence of any other considerations. Tr. 16, 17, 19.

The ALJ did not explicitly state why she gave more weight to Dr. Valette's opinion than she did to Dr. Vega's opinion when she was analyzing the opinions of these two providers. Tr. 19. However, elsewhere in her decision, the ALJ explained the difference in weight by discussing the statements provided to Dr. Valette in June 2012 and the statements provided to Dr. Vega in June 2013 and by stating that there was no explanation in the record for why Plaintiff's condition had deteriorated between June 2012 and June 2013 to the extent he alleged. Tr. 18. "The ALJ must give good reasons for the weight she assigns to [a medical] opinion, and specific, legitimate reasons if she rejects the opinion entirely." *Jones v. Colvin*, 610 F. App'x 755, 758 (10th Cir. 2015) (citing *Watkins v.*

*Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003)). Here, the ALJ stated why Dr. Valette's opinion was given greater weight than Dr. Vega's, i.e., the difference was based on the ALJ's earlier assessment of Plaintiff's credibility and the ALJ's determination that Dr. Valette's opinion was generally supported by the facts in the record as a whole.[6] The consistency of Dr. Valette's opinion with the record as a whole is a legitimate factor to be considered in evaluating the opinion. *See Quintero*, 567 F. App'x at 620 (citing 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4)). Thus, unlike in *Quintero*, the ALJ provided a basis for judicial review of the relative weights she assigned to these two opinions. *Quintero*, 567 F. App'x at 621. Although the ALJ could have been more explicit when discussing the opinions of these two examining physicians, the Court is able to follow the ALJ's reasoning without resorting to post hoc rationalization. *See Carpenter*, 537 F.3d at 1267; *see Keyes–Zachary*, 695 F.3d at 1166.

Accordingly, the Court finds no reversible error with respect to the AlJ's conclusions about Dr. Vega's and Dr. Valette's opinions.

## C.     The ALJ's Development of the Record

Plaintiff argues that the ALJ should have more fully developed the record because substantial evidence does not support her RFC finding. *See Brief* [#13] at 31-34; *Reply* [#15] at 12-15.

---

[6] The Court finds no support for Plaintiff's argument that the ALJ somehow erred by partially crediting Plaintiff's testimony and finding him more limited than Dr. Valette opined. *See* Tr. 19 (stating that Dr. Valette did not note any work limitations from a psychological perspective, but, regardless, the ALJ gave "all reasonable weight to the claimant's testimony" to find that Plaintiff did have a psychological impairment regarding his ability to interact with the general public). ALJs regularly give claimants the benefit of the doubt by finding greater functional limitations than may be strictly warranted on the objective portions of the record. *See, e.g.*, *Giuliano v. Colvin*, 577 F. App'x 859, 863 (10th Cir. 2014); *Atkinson v. Astrue*, 389 F. App'x 804, 807 (10th Cir. 2010); *Talamantes v. Astrue*, 370 F. App'x 955, 958 (10th Cir. 2010).

The claimant in a social security disability matter has the burden of establishing her disability. *Rose v. Colvin*, __ F. App'x __, __, No. 15-6031, 2015 WL 8593444, at *3 (10th Cir. Dec. 14, 2015) (citing *Wall v. Astrue*, 561 F.3d 1048, 1062 (10th Cir. 2009)). The procedure for determining disability is nonadversarial and, as Plaintiff argues, "the ALJ has a duty to ensure than an adequate record is developed during the disability hearing consistent with the issues raised." *Rose*, 2015 WL 8593444, at *3 (quoting *Wall*, 561 F.3d at 1062-63). However, this duty "is *not* unqualified." *Rose*, 2015 WL 8593444, at *3 (quoting *Wall*, 561 F.3d at 1063) (emphasis in original). "The ALJ's duty to further develop the record is triggered by conflicts, inconsistencies or inconclusive findings in the medical record requiring further investigation." *Maestas v. Colvin*, 618 F. App'x 358, 361 (10th Cir. 2015) (citing *Hawkins v. Chater*, 113 F.3d 1162, 1166-67, 1169 (10th Cir. 1997) (stating that an ALJ's determination whether to order a consultative examination is given broad latitude, but may be required "where there is a direct conflict in the medical evidence," "where the medical evidence in the record is inconclusive," and "where additional tests are required to explain a diagnosis already contained in the record").

Plaintiff argues that the ALJ rejected one medical opinion (Dr. Vega's) and accepted, without weighing, Dr. Valette's opinion that Plaintiff has no mental limitations. *See, e.g.*, Reply [#15] at 13. The Court has already rejected Plaintiff's contention that the ALJ failed to weigh Dr. Valette's opinion. Plaintiff suggests that the Court should construe the ALJ's statements about Dr. Valette's opinion as meaning that this opinion was unreliable. *See, e.g.*, *id.* However, the ALJ accepted Dr. Valette's opinion, giving it "some weight," except to the extent that it conflicted with the one part of Plaintiff's testimony that the ALJ did find credible, i.e., that Plaintiff needed to avoid contact with the general public because of his

-14-

anxiety. *See* Tr. 15, 19. Thus, Dr. Valette's opinion was not "useless, non-reliable, or rejected," despite Plaintiff's argument to the contrary. *See Reply* [#15] at 14. The parties agree that the ALJ's RFC finding need not perfectly mirror the limitations suggested by a physician or psychologist in the record. *See Response* [#14] at 5-6; *Reply* [#15] at 14. The ALJ's use of Dr. Valette's opinion demonstrates that the record was not devoid of a reliable opinion (as assessed by the ALJ), and, having resolved the conflict between Dr. Vega's opinion and Dr. Valette's opinion, the ALJ was under no obligation to further develop the record. *See Maestas*, 618 F. App'x at 361.

In connection with this argument, Plaintiff also argues that the ALJ did not support her finding that Plaintiff "is unable to interact with the public, yet retains ability to deal with coworkers and supervisors." *Reply* [#15] at 12. The Court disagrees. The ALJ discussed repeatedly how Plaintiff could apparently interact with individuals or small groups regularly. For example, she stated: "[D]espite the claimant's reports regarding the severity and frequency of his panic attacks, none of the claimant's treatment providers have ever witnessed an anxiety attack. In fact, the claimant is consistently described as pleasant with appropriate affect and organized though[t] processes." Tr. 18. The ALJ also credited Plaintiff's statements from June 2012 that "during a typical day, he hung out with friends and saw his girlfriend." Tr. 18. The ALJ also noted that Plaintiff told Dr. Valette that "he did pretty well working as a grill cook from 2009 to June 2011." Tr. 16. The Court therefore finds that substantial evidence supports the ALJ's determination that Plaintiff was able to interact with coworkers and supervisors.

Based on the foregoing, the Court rejects Plaintiff's contention that the ALJ was left without sufficient evidence in the record to assess Plaintiff's mental impairments and create

an RFC, and finds no reversible error with respect to this issue.

## IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the decision of the Commissioner that Plaintiff is not disabled is **AFFIRMED**.

IT IS FURTHER **ORDERED** that each party shall bear its own costs and attorney's fees.

Dated: March 30, 2016

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge